# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE NATIONAL FEDERATION OF THE BLIND, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EPIC SYSTEMS CORPORATION,<br><br>　　　　Defendant. | CIVIL ACTION NO.: 18-12630<br><br>REMOVED FROM THE SUPERIOR COURT OF SUFFOLK COUNTY, COMMONWEALTH OF MASSACHUSETTS<br>C.A. No. 18-3758B |

## **DEFENDANT EPIC SYSTEMS CORPORATION'S NOTICE OF REMOVAL**

Defendant Epic Systems Corporation ("Epic"), by and through its attorneys, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal with respect to the above captioned case, which was filed and currently is pending in the Superior Court of Suffolk County, Commonwealth of Massachusetts, Civil Action No. 18-3758B. In support of its Notice of Removal, Epic states as follows:

### **Background and Timeliness**

1.　On or about December 4, 2018, Plaintiff, the National Federation of the Blind, Inc. ("Plaintiff"), filed its Complaint in the Superior Court of Suffolk County, Commonwealth of Massachusetts.

2.　Plaintiff served Epic with a summons in this action on or about December 11, 2018.

3.　Because Defendant has filed this Notice of Removal within thirty days of receiving service of process, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

4. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Summons and Complaint from the state court action is attached hereto as Exhibit 1. These documents constitute all "process, pleadings, and orders" served on Epic in the state court action seeking recovery against it.

5. Epic is a provider of certain software used by healthcare providers throughout the United States. *See* Compl., ¶ 6. According to Plaintiff's Complaint, Epic's software is not compatible with screen reading technology, and therefore, is not accessible to blind healthcare workers. *Id.*, ¶ 6. Also according to Plaintiff, "[b]ecause blind individuals cannot use Epic's software on the clinical or administrative side, they are effectively barred from employment at hospitals and facilities that use Epic's software." *Id.*, ¶ 7. Plaintiff alleges that Epic's sale and licensing of its software to healthcare providers in Massachusetts constitutes interference with blind persons' right to be free from handicap discrimination in employment under M.G.L. c. 151B, § 4(16), in violation of M.G.L. c. 151B, § 4(4A).

6. Plaintiff seeks a permanent injunction prohibiting Epic from continuing to sell, install, or contract to sell or install computer software to employers in the Commonwealth of Massachusetts that is not "independently accessible to blind persons[.]" *Id.*, Prayer for Relief, Para. (b), p. 5. Plaintiff also requests a permanent injunction requiring Epic to "immediately" modify any software used in Massachusetts in order to make it "independently accessible to blind persons[.]" *Id.*, Para. (c), p. 6. Finally, Plaintiff seeks an award of its reasonable attorneys' fees and costs pursuant to G.L. c. 151B, § 9. *Id.*, Para. (d), p. 6.

**This Case Is Removable Based Upon Diversity Jurisdiction**

7. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant to the district court of the United States for the district and division embracing the place where such action is pending."

8. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States."

9. In this case, both the "diversity" and "amount in controversy" requirements are met.

### The Parties Are Diverse

10. For purposes of federal court jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

11. Plaintiff is a non-profit corporation organized under the laws of the District of Columbia and maintaining a principal place of business in Maryland. *See* Compl., ¶ 2. Accordingly, Plaintiff is a citizen of the District of Columbia and Maryland. *See* 28 U.S.C. § 1332(c)(1).

12. Defendant is a corporation organized under the laws of Wisconsin and maintaining a principal place of business in Wisconsin. *See* Compl., ¶ 3. Accordingly, Defendant is a citizen of the State of Wisconsin. *See* 28 U.S.C. § 1332(c)(1).

13. Because Plaintiff and Defendant are citizens of different states, this case is "between citizens of different states" and the parties are diverse. *See* 28 U.S.C. § 1332(a), (c).

### The Amount In Controversy Exceeds $75,000

14. In the Complaint, Plaintiff seeks a permanent injunction requiring Epic to "immediately" modify any software used in Massachusetts in order to make it "independently

accessible to blind persons[.]" *See* Compl., Prayer for Relief, Para. (c), p. 6. To comply with an injunction granting this relief, and make all of the software applications used by employees of Massachusetts health care facilities "independently accessible to blind persons," would require thousands of person-hours and certainly cost more than $75,000. *See* Declaration of Sumit Rana ("Rana Decl."), ¶ 5.

15. Plaintiff also seeks a permanent injunction prohibiting Epic from selling, installing, or contracting to sell or install any software to employers in the Commonwealth of Massachusetts that is not "independently accessible to blind persons[.]" Compl., Prayer for Relief, Para. (b). The costs resulting from such an injunction would undoubtedly also exceed $75,000. *See* Rana Decl., ¶ 5.

16. This Court may consider the pecuniary impact on Epic of the injunctive relief requested in the Complaint in evaluating the amount in controversy for purposes of diversity jurisdiction. *See Richard C. Young & Co. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004) ("Courts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation"); *Huston v. FLS Language Centres*, 18 F. Supp. 3d 17, 23 (D. Mass. 2014) (stating that the cost to defendant of conducting accounting requested in complaint "must be included" in amount in controversy).

17. In this case, the pecuniary burden to Epic includes the costs of complying with an order requiring it to render all of the software applications used by employees of Massachusetts health care facilities "independently accessible to blind persons," as well as the costs that would result from the requested injunctive relief prohibiting Epic from selling or installing any of its

allegedly non-accessible software applications in Massachusetts. Combined, these costs certainly exceed $75,000. *See* Rana Decl., ¶ 5.

18. Plaintiff also requests an award of its reasonable attorneys' fees pursuant to G.L. c. 151B, § 9. *See* Compl., Prayer for Relief, Para. (d), p. 6. Under this statute, a prevailing plaintiff is entitled to recover his or her reasonable attorneys' fees. *See* G.L. c. 151B, § 9 ("If the court finds for the petitioner it shall, in addition to any other relief and irrespective of the amount in controversy, award the petitioner reasonable attorney's fees and costs unless special circumstances would render such an award unjust.").

19. Where, as here, attorney's fees are awardable by statute, a request for attorney's fees is included in the amount in controversy for purposes of diversity jurisdiction. *See Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001).

20. This Court may take judicial notice of the fact that courts in Massachusetts and in this District routinely allow six-figure attorney fee awards to prevailing plaintiffs in discrimination cases. *See*, *e.g.*, *Koster v. Trans World Airlines, Inc.*, 181 F.3d 24, 37 (1st Cir. 1999) (affirming district court's award of $155,807.50 to prevailing plaintiff in case brought under c. 151B nearly two decades ago); *E.E.O.C. v. AutoZone, Inc.*, 934 F. Supp. 2d 342, 359 (D. Mass. 2013) (in case under Title VII and c. 151B, awarding lead plaintiff's counsel attorney fees of $103,862.50); *Quarterman v. City of Springfield*, 74 N.E.3d 265, 275 (Mass. App. Ct. 2017), *review denied*, 88 N.E.3d 1168 (Mass. 2017), *cert. denied sub nom. City of Springfield, Mass. v. Quarterman*, 138 S. Ct. 506, 199 L. Ed. 2d 386 (2017) (affirming attorney's fees award of $169,002.41 after jury verdict of retaliation under G.L. c. 151B).

21. Accordingly, based on Plaintiff's attorneys' fees alone, the amount in controversy exceeds $75,000.

22. Epic disputes the merits of Plaintiff's claims. Nonetheless, it is apparent from the face of the Complaint, which seeks permanent injunctive relief that would result in costs undoubtedly exceeding $75,000, and an award of attorney's fees under G.L. c. 151B, § 9, that the amount in controversy in this matter is at least $75,000, exclusive of interests and costs.

23. This Court therefore has original jurisdiction over Plaintiff's claim, and the action is removable to this Court. *See* 28 U.S.C. §§ 1332(a); (c); 1441(a), (b).

### **Venue And Notice**

24. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 101, this Court embraces the Superior Court of Suffolk County in the Commonwealth of Massachusetts. Accordingly, this Court is the appropriate venue for removal of this action. *See* 28 U.S.C. § 1441(a).

25. Prompt written notice of this Notice of Removal has been sent to Plaintiff through its counsel, and to the Clerk of Court for the Superior Court of Suffolk County, Commonwealth of Massachusetts, as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as Exhibit 2.

### **Conclusion**

26. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332; therefore, the Court properly may exercise jurisdiction over this lawsuit. *See* 28 U.S.C. §§ 1441(a).

27. Epic submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can

be granted, and without admitting that Plaintiff is entitled to any relief whatsoever (or that the relief it seeks may properly be sought).

WHEREFORE, Defendant Epic Systems Corporation submits that this action is removable based on diversity jurisdiction and respectfully requests that the state court action titled *The National Federation of the Blind, Inc. v. Epic Systems Corporation*, Civ. A. No. 18-3758B, pending in Suffolk County Superior Court in the Commonwealth of Massachusetts, be removed to the United States District Court for the District of Massachusetts.

        Respectfully submitted,

        EPIC SYSTEMS CORPORATION,

        By its Attorneys,

        */s/ Anthony S. Califano*
        Anthony S. Califano (BBO #661136)
        Michael E. Steinberg (BBO) #690997)
        SEYFARTH SHAW LLP
        Seaport East
        Two Seaport Lane, Suite 300
        Boston, MA 02210-2028
        Tel: (617) 946-4800
        Fax: (617) 946-4801
        acalifano@seyfarth.com
        msteinberg@seyfarth.com

        Minh N. Vu (*Pro Hace Vice* anticipated)
        SEYFARTH SHAW LLP
        975 F St., NW
        Washington, D.C. 20004
        Tel: (202) 463-2400
        Fax: (202) 828-5393
        mvu@seyfarth.com

Dated: December 21, 2018

8

CERTIFICATE OF SERVICE

      I hereby certify that on December 21, 2018, I filed this document through this Court's electronic filing system and served this document on Plaintiff through US mail at the following addresses:

Christine M. Netski
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac St., Suite 900
Boston, MA 02114-4737

Joseph B. Espo
Kevin D. Docherty
Brown Goldstein Levy LLP
120 East Baltimore Street, Suite 1700
Baltimore, MD 21202-6701

                                       */s/ Anthony S. Califano*
                                       Anthony S. Califano

52598272v.3