4

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1884CV03758B

The National Federation of
the Blind, Inc. _____, PLAINTIFF(S),

v.

Epic Systems Corporation, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO __Epic Systems Corporation_____. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __Suffolk Superior__ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.    You must respond to this lawsuit in writing within 20 days. If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2.    How to Respond. To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, __Superior__ Court, 3 Pemberton Square, 12th Floor, Boston, MA 02108 (address), by mail or in person, **AND**

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: __101 Merrimac St., Boston, MA 02114__. Christine M. Netski, Esq., Sugarman, Rogers, Barshak & Cohen, P.C.,

3.    What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on __December 6__, 2018 .

*Michael Joseph Donovan*
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on __December __, 27,__ 20 18 , I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

Via certified mail, return receipt requested.  A copy of the Tracking Order was also served.

Dated: __December 27__, 20 18        Signature: *Christine M. Netski*

Christine M. Netski

N.B.    TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX—BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

I HEREBY ATTEST AND CERTIFY ON
Jan. 3, 2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
*Margaret M. Allen*
Asst. Clerk

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ☑ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Judith R. Faulkner, CEO
Epic Systems Corporation
1979 Milky Way
Verona, WI 53593-9179

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9401 0042 5168 8284 47

2. Article Number (Transfer from service label)

7015 0640 0007 6564 0346

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                                 ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

   *SCCV*
   *2018-3758*

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053                Domestic Return Receipt

## COMMONWEALTH OF MASSACHUSETTS
## SUFFOLK COUNTY SUPERIOR COURT

THE NATIONAL FEDERATION OF THE
BLIND, INC.,

        Plaintiff

    v.

EPIC SYSTEMS CORPORATION,

        Defendant

CIVIL ACTION NO.  1884CV03758B

---

## PLAINTIFF'S AFFIDAVIT OF SERVICE IN COMPLIANCE WITH MASS. GENERAL LAWS, CHAPTER 223A, §6

    I, Christine M. Netski, counsel for the plaintiff in the above-entitled action, say that on December 6, 2018, I gave written notice to the defendant, Epic Systems Corporation, of the filing of a Complaint against it by mailing a letter, postage prepaid and return receipt requested, to the Chief Executive Officer of Epic Systems Corporation, Judith R. Faulkner, 1979 Milky Way, Verona, WI 53593-9179.

    I have attached proof of service from the Post Office.

    SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 27TH DAY OF DECEMBER, 2018.

_____
Christine M. Netski

4829-7896-2052, v. 1

# USPS Tracking® FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)

## Track Another Package +

**Tracking Number:** 70150640000765640346                    Remove ✕

**Expected Delivery on**

## MONDAY

**10** DECEMBER
2018 ⓘ    by
**8:00pm** ⓘ

⊘ **Delivered**

December 10, 2018 at 12:38 pm
Delivered, Left with Individual
VERONA, WI 53593

**Get Updates** ⌄

---

**Text & Email Updates**                                    ⌄

---

**Tracking History**                                        ⌄

---

**Product Information**                                     ⌄

---

**See Less** ⌃



CRTR2709-CR

**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
**Docket Report**

**1884CV03758 The National Federation of the Blind Inc vs. Epic Systems Corporation**

| | |
|---|---|
| **CASE TYPE:** Equitable Remedies | **FILE DATE:** 12/04/2018 |
| **ACTION CODE:** D03 | **CASE TRACK:** F - Fast Track |
| **DESCRIPTION:** Injunction | |
| **CASE DISPOSITION DATE** 12/28/2018 | **CASE STATUS :** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE :** 12/28/2018 |
| **CASE JUDGE:** | **CASE SESSION:** Civil B |

| PARTIES | |
|---|---|
| **Plaintiff**<br>The National Federation of the Blind Inc | **Attorney** 546936<br>Christine M Netski<br>Sugarman, Rogers, Barshak & Cohen, PC<br>Sugarman, Rogers, Barshak & Cohen, PC<br>101 Merrimac St<br>Boston, MA 02114<br>Work Phone (617) 227-3030<br>Added Date: 12/04/2018 |
| **Defendant**<br>Epic Systems Corporation | **Attorney** 661136<br>Anthony Califano<br>Seyfarth Shaw LLP<br>Seyfarth Shaw LLP<br>Seaport East<br>Two Seaport Lane<br>Boston, MA 02210<br>Work Phone (617) 946-4925<br>Added Date: 12/24/2018 |
| | **Attorney** 690997<br>Michael E Steinberg<br>Seyfarth Shaw LLP<br>Seyfarth Shaw LLP<br>Two Seaport Lane<br>Suite 300<br>Boston, MA 02210<br>Work Phone (617) 946-8316<br>Added Date: 12/24/2018 |

| Printed: 12/28/2018  11:26 am | Case No:  1884CV03758 | Page: 1 |
|---|---|---|



**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
**Docket Report**

| | | INFORMATIONAL DOCKET ENTRIES | | |
|---|---|---|---|---|
| **Date** | **Ref** | **Description** | | **Judge** |
| 12/04/2018 | | Attorney appearance<br>On this date Christine M Netski, Esq. added for Plaintiff The National Federation of the Blind Inc | | |
| 12/04/2018 | | Case assigned to:<br>DCM Track F - Fast Track was added on 12/04/2018 | | |
| 12/04/2018 | 1 | Original civil complaint filed. | | |
| 12/04/2018 | 2 | Civil action cover sheet filed.<br><br>(n/a) (trk) | | |
| 12/24/2018 | | Attorney appearance<br>On this date Anthony Califano, Esq. added for Defendant Epic Systems Corporation | | |
| 12/24/2018 | | Attorney appearance<br>On this date Michael E Steinberg, Esq. added for Defendant Epic Systems Corporation | | |
| 12/24/2018 | 3 | Notice of Removal to the United States District Court filed by<br><br>Defendant (US Dist #18-cv-12630)<br><br>Applies To: Epic Systems Corporation (Defendant) | | |
| 12/27/2018 | 4 | Service Returned for<br>Defendant Epic Systems Corporation: Service via certified mail; | | |
| 12/28/2018 | | REMOVED to the U.S. District Court<br>of Massachusetts | | |
| 12/28/2018 | | Case transferred to another court. | | |

I HEREBY ATTEST AND CERTIFY ON
Jan. 3, 2019
_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _Margaret M. Sellon_
Asst. Clerk

1

**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY SUPERIOR COURT**

18 - 3758 B

THE NATIONAL FEDERATION OF THE
BLIND, INC.,

      Plaintiff

    v.

EPIC SYSTEMS CORPORATION,

      Defendant

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff the National Federation of the Blind ("NFB"), through its attorneys, sues Epic

Systems Corporation ("Epic") for declaratory and injunctive relief, and alleges as follows:

### INTRODUCTION

1.      This action arises from Defendant's violation of Mass. Gen. Laws ch. 151B, § 4.

### PARTIES

2.      Plaintiff the NFB, the oldest and largest national organization of blind persons, is

a non-profit corporation duly organized under the laws of the District of Columbia and its

principal place of business is in Baltimore, Maryland.  The majority of its tens of thousands of

members are blind persons who reside throughout the United States, including Massachusetts.

The NFB is a "person" as defined in Mass. Gen. Laws ch. 151B, § 1.

3.      Defendant Epic is a corporation organized under the laws of Wisconsin.  Its

principal place of business is located at 1979 Milky Way, Verona, Wisconsin. Epic is a "person"

as defined in Mass. Gen. Laws ch. 151B, § 1 and Mass. Gen. Laws ch. 223A, § 1.  It transacts

business in the Commonwealth and contracts to supply services or things in the Commonwealth

because it develops, sells, and/or licenses software to medical providers and health care

institutions in the Commonwealth. These activities provide a basis for subject matter jurisdiction under Mass. Gen. Laws ch. 151B and personal jurisdiction under Mass. Gen. Laws ch. 223A, § 3.

## FACTUAL BACKGROUND

4. Blind persons access computer software using screen reading technology. Screen reading technology involves the use of software that converts visual screen components to spoken information or braille and allows screen navigation using keyboard commands.

5. To ensure that software is accessible with screen reading technology, software makers must follow recognized software coding standards so that the software can properly interact with keyboard commands and information conveyed visually to a sighted user is conveyed to blind users through the screen reading technology. The term "Accessible" means that blind individuals are able to independently acquire the same information, engage in the same interactions, and enjoy the same services within the same timeframe as non-blind individuals, all with substantially equivalent ease of use.

6. Epic is one of the largest providers of health care software in the United States. According to its website, "[m]ore than 200 million patients have a current electronic record in Epic." *See* In a nutshell, https://www.epic.com/about. While Epic has taken steps to make patient-facing portions of its electronic health record software accessible with screen reading software so that blind patients are able to access their health information, Epic has not made the clinical or administration-facing portions of its software accessible to blind healthcare workers.

7. Despite knowing that its software is inaccessible to blind healthcare workers, Epic sells and licenses its software to healthcare providers in the Commonwealth. On information and belief, Epic is now used by numerous hospitals and other healthcare providers in Massachusetts. Because blind individuals cannot use Epic's software on the clinical or administration side, they are effectively barred from employment at hospitals and facilities that use Epic's software.

8.      The NFB is widely recognized by the public, Congress, state legislators, executive
agencies of government, and the courts as a collective and representative voice on behalf of blind
Americans.   The purpose of the NFB is to promote the general welfare of the blind by
(1) assisting the blind in their efforts to integrate themselves into society on terms of equality and
(2) removing barriers and changing social attitudes, stereotypes, and mistaken beliefs that sighted
and blind persons hold concerning the limitations created by blindness and that result in the
denial of opportunity to blind persons in virtually every sphere of life.   The NFB and many of its
members have long been actively involved in promoting accessible technology in and out of the
workplace so that blind persons can live and work independently in today's technology-
dependent world.   As part of its mission and to achieve these goals, the NFB actively pursues
litigation and engagement in public policy discussions to ensure that the blind receive equal
access to employment opportunities, including those that require the use of technology.

9.      The NFB devotes substantial resources to accessible employment.   It has several
divisions relating to employment barriers and has an employment committee devoted to assisting
NFB members with employment issues.   It has other divisions and activities devoted to
employment for the blind.   For example, it has a National Job Fair at its annual convention, a
public employee division, a committee made up of blind federal employees, and a Blind
Merchants Division.   The NFB is affiliated with three residential training centers for blind
individuals with a goal of increasing employment among the blind.   The NFB also has been
directly involved in the development of technology that helps blind people, including those in the
work force, access print materials with its collaboration with Ray Kurzweil to develop the
Kurzweil Reading Machine, the first machine to use optical character recognition to convert text
to speech.

10.     The NFB has standing to sue as an association on behalf of its blind members, as Epic's unlawful conduct interferes with blind NFB members' rights to have full and equal access to employment opportunities.  One of the NFB's principal missions is to ensure equal access to employment opportunities for the blind.  Many NFB members work and seek to work in the healthcare industry, and the NFB has at least one member residing in Massachusetts who would have standing to sue because he has (a) been discriminated against on the basis of his disability by facilities that have adopted Epic's inaccessible software, or (b) been dissuaded from applying for work in healthcare facilities that use Epic software because it is inaccessible.  None of the NFB's members will be required to participate in this action because the NFB will seek declaratory and injunctive relief only and will not seek individualized remedies.

11.     The NFB also has standing to sue because Defendant's conduct has forced the NFB to divert resources to litigating with Epic over its failure to make its products accessible to the blind when those resources could otherwise be devoted to other portions of the NFB's mission.

12.     On July 12, 2018, the NFB filed a complaint with the Massachusetts Commission Against Discrimination alleging all of the claims herein.

13.     On October 25, 2018, the MCAD granted the NFB's request to withdraw its MCAD complaint so that the NFB could pursue this action under Mass. Gen. Laws ch. 151B, § 9.

## CLAIM

### COUNT I
### Violation of Mass. Gen. Laws ch. 151B, § 4(4A)

14.     Plaintiff incorporates each of the foregoing allegations as if fully restated herein.

15.     Mass. Gen. Laws ch. 151B, § 4(4A) makes it unlawful "for any person to coerce, intimidate, threaten, or interfere with another person in the exercise or enjoyment of any right granted or protected by this chapter."

16.     Mass. Gen. Laws ch. 151B, § 4(16) guarantees that individuals in the Commonwealth have the right to be free from discrimination based on disability in the workplace by making it unlawful "[f]or any employer, personally or through an agent, to dismiss from employment or refuse to hire, rehire or advance in employment or otherwise discriminate against, because of his handicap, any person alleging to be a qualified handicapped person, capable of performing the essential functions of the position involved with reasonable accommodation."

17.     By selling and/or licensing inaccessible software to employers in Massachusetts and by failing to remediate known access barriers in its software, Epic has introduced an artificial job requirement of sight that has a disparate impact on blind individuals (including NFB members) who are otherwise qualified to be employed at hospitals and by healthcare providers that use its software.  Epic has thereby interfered with the rights of blind individuals to equal employment opportunities as guaranteed by Mass. Gen. Laws ch. 151B, § 4(16), in violation of Mass. Gen. Laws ch. 151B, § 4(4A).

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff, the National Federation of the Blind, respectfully requests that this Court:

a.     Declare that Defendant has violated Mass. Gen. Laws ch. 151B § 4(4A);

b.     Enter a permanent injunction prohibiting Defendant from continuing to sell, install, or contract to sell or install computer software to employers in the Commonwealth that is not independently accessible to blind persons;

c.    Enter a permanent injunction requiring Defendant to immediately remediate any software used in the Commonwealth that is not independently accessible to blind persons;

d.    Award Plaintiff its reasonable attorneys' fees and costs pursuant to Mass. Gen. Laws ch. 151B, § 9; and

e.    Award any such other and further relief as justice may require.

## REQUEST FOR SPEEDY TRIAL

18.    Plaintiff requests a speedy trial pursuant to Mass Gen. Laws ch. 151B, § 9.

Respectfully submitted,

Christine M. Netski  - BBO # 546936
SUGARMAN, ROGERS,
   BARSHAK & COHEN, P.C.
101 Merrimac Street, Suite 900
Boston, Massachusetts  02114-4737
T: (617) 227-3030
F: (617) 523-4001
netski@sugarmanrogers.com

I HEREBY ATTEST AND CERTIFY ON
Jan. 3, 2019 . THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst. Clerk

Joseph B. Espo (*Pro Hac Vice motion to be filed*)
Kevin D. Docherty (*Pro Hac Vice motion to be filed*)
BROWN GOLDSTEIN LEVY LLP
120 East Baltimore Street, Suite 1700
Baltimore, Maryland  21202-6701
T:  (410) 962-1030
F: (410) 385-0869
jbe@browngold.com
kdocherty@browngold.com

*Attorneys for Plaintiff*

Dated:  December 4, 2018

6

2

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>18-3758B | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| PLAINTIFF(S): The National Federation of the Blind, Inc. | COUNTY |
|---|---|
| ADDRESS: 200 East Wells Street at Jernigan Place | Suffolk |
| Baltimore, Maryland  21230 | DEFENDANT(S): Epic Systems Corporation |

| ATTORNEY: Christine M. Netski, Esquire, Sugarman, Rogers, Barshak & Cohen, P.C. | |
|---|---|
| ADDRESS: 101 Merrimac Street | ADDRESS: 1979 Milky Way |
| Boston, MA 02114-4737 | Verona, WI  53593-9179 |
| (617) 227-3030 | |
| BBO: 546936 | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO.<br>D03/B03 | TYPE OF ACTION (specify)<br>Declaratory and Injunctive Relief | TRACK<br>F | HAS A JURY CLAIM BEEN MADE?<br>☐ YES   ☒ NO |
|---|---|---|---|

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................................................................... $ _____
2. Total doctor expenses ............................................................................................................. $ _____
3. Total chiropractic expenses .................................................................................................... $ _____
4. Total physical therapy expenses ............................................................................................ $ _____
5. Total other expenses (describe below) .................................................................................. $ _____
   Subtotal (A): $ _____

B. Documented lost wages and compensation to date ................................................................ $ _____
C. Documented property damages to dated ................................................................................. $ _____
D. Reasonably anticipated future medical and hospital expenses .............................................. $ _____
E. Reasonably anticipated lost wages ......................................................................................... $ _____
F. Other documented items of damages (describe below) ........................................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X                                          Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                                          Date: Dec 4, 2018

I HEREBY ATTEST AND CERTIFY ON
Jan. 3, 2019
_____ THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk

3

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT

US Dist # 18-CV-12630

THE NATIONAL FEDERATION OF THE
BLIND, INC.,

           Plaintiff,

v.

EPIC SYSTEMS CORPORATION,

           Defendant.

CIVIL ACTION NO.: 1884-cv-03758B



## NOTICE OF FILING OF NOTICE OF REMOVAL

    PLEASE TAKE NOTICE that this case, which was previously pending in the Trial Court

of the Commonwealth of Massachusetts, Superior Court Department, Suffolk County, has been

removed to the United States District Court for the District of Massachusetts by the Defendant

Epic Systems Corporation pursuant to Title 28 U.S.C. §§ 1331, 1441 and 1446.  A copy of the

Notice of Removal, filed with the United States District Court for the District of Massachusetts,

is attached hereto as <u>Exhibit A</u>.

    PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), this Court

"shall proceed no further unless and until the case is remanded."

*[Signatures on following page]*

53448351v.1

Respectfully submitted,

EPIC SYSTEMS CORPORATION,

By its Attorneys,

Anthony S. Califano (BBO #661136)
Michael E. Steinberg (BB) #690997)
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Tel: (617) 946-4800
Fax: (617) 946-4801
acalifano@seyfarth.com
msteinberg@seyfarth.com

I HEREBY ATTEST AND CERTIFY ON
Jan. 3, 2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

By: _____
Asst. Clerk

2

53448351v.1

## CERTIFICATE OF SERVICE

I, Michael E. Steinberg, hereby certify that on December 21, 2018 I served a true copy of the foregoing document by email and first class mail, postage prepaid, on

Christine M. Netski
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac St., Suite 900
Boston, MA 02114-4737

Joseph B. Espo
Kevin D. Docherty
Brown Goldstein Levy LLP
120 East Baltimore Street, Suite 1700
Baltimore, MD 21202-6701

Michael E. Steinberg

53448351v.1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE NATIONAL FEDERATION OF THE BLIND, INC.,<br><br>Plaintiff,<br><br>v.<br><br>EPIC SYSTEMS CORPORATION,<br><br>Defendant. | CIVIL ACTION NO.: 18-12630<br><br>REMOVED FROM THE SUPERIOR COURT OF SUFFOLK COUNTY, COMMONWEALTH OF MASSACHUSETTS<br>C.A. No. 18-3758B |

## DEFENDANT EPIC SYSTEMS CORPORATION'S NOTICE OF REMOVAL

Defendant Epic Systems Corporation ("Epic"), by and through its attorneys, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal with respect to the above captioned case, which was filed and currently is pending in the Superior Court of Suffolk County, Commonwealth of Massachusetts, Civil Action No. 18-3758B. In support of its Notice of Removal, Epic states as follows:

### Background and Timeliness

1.      On or about December 4, 2018, Plaintiff, the National Federation of the Blind, Inc. ("Plaintiff"), filed its Complaint in the Superior Court of Suffolk County, Commonwealth of Massachusetts.

2.      Plaintiff served Epic with a summons in this action on or about December 11, 2018.

3.      Because Defendant has filed this Notice of Removal within thirty days of receiving service of process, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

52598272v.3

4.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Summons and Complaint from the state court action is attached hereto as Exhibit 1. These documents constitute all "process, pleadings, and orders" served on Epic in the state court action seeking recovery against it.

5.      Epic is a provider of certain software used by healthcare providers throughout the United States. *See* Compl., ¶ 6. According to Plaintiff's Complaint, Epic's software is not compatible with screen reading technology, and therefore, is not accessible to blind healthcare workers. *Id.*, ¶ 6. Also according to Plaintiff, "[b]ecause blind individuals cannot use Epic's software on the clinical or administrative side, they are effectively barred from employment at hospitals and facilities that use Epic's software." *Id.*, ¶ 7. Plaintiff alleges that Epic's sale and licensing of its software to healthcare providers in Massachusetts constitutes interference with blind persons' right to be free from handicap discrimination in employment under M.G.L. c. 151B, § 4(16), in violation of M.G.L. c. 151B, § 4(4A).

6.      Plaintiff seeks a permanent injunction prohibiting Epic from continuing to sell, install, or contract to sell or install computer software to employers in the Commonwealth of Massachusetts that is not "independently accessible to blind persons[.]" *Id.*, Prayer for Relief, Para. (b), p. 5. Plaintiff also requests a permanent injunction requiring Epic to "immediately" modify any software used in Massachusetts in order to make it "independently accessible to blind persons[.]" *Id.*, Para. (c), p. 6. Finally, Plaintiff seeks an award of its reasonable attorneys' fees and costs pursuant to G.L. c. 151B, § 9. *Id.*, Para. (d), p. 6.

### This Case Is Removable Based Upon Diversity Jurisdiction

7.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

2

defendant to the district court of the United States for the district and division embracing the place where such action is pending."

8.       Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States."

9.       In this case, both the "diversity" and "amount in controversy" requirements are met.

### The Parties Are Diverse

10.       For purposes of federal court jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

11.       Plaintiff is a non-profit corporation organized under the laws of the District of Columbia and maintaining a principal place of business in Maryland. *See* Compl., ¶ 2. Accordingly, Plaintiff is a citizen of the District of Columbia and Maryland. *See* 28 U.S.C. § 1332(c)(1).

12.       Defendant is a corporation organized under the laws of Wisconsin and maintaining a principal place of business in Wisconsin. *See* Compl., ¶ 3. Accordingly, Defendant is a citizen of the State of Wisconsin. *See* 28 U.S.C. § 1332(c)(1).

13.       Because Plaintiff and Defendant are citizens of different states, this case is "between citizens of different states" and the parties are diverse. *See* 28 U.S.C. § 1332(a), (c).

### The Amount In Controversy Exceeds $75,000

14.       In the Complaint, Plaintiff seeks a permanent injunction requiring Epic to "immediately" modify any software used in Massachusetts in order to make it "independently

52598272v.3

accessible to blind persons[.]" *See* Compl., Prayer for Relief, Para. (c), p. 6.  To comply with an

injunction granting this relief, and make all of the software applications used by employees of

Massachusetts health care facilities "independently accessible to blind persons," would require

thousands of person-hours and certainly cost more than $75,000. *See* Declaration of Sumit Rana

("Rana Decl."), ¶ 5.

15.     Plaintiff also seeks a permanent injunction prohibiting Epic from selling,

installing, or contracting to sell or install any software to employers in the Commonwealth of

Massachusetts that is not "independently accessible to blind persons[.]" Compl., Prayer for

Relief, Para. (b).   The costs resulting from such an injunction would undoubtedly also exceed

$75,000.  *See* Rana Decl., ¶ 5.

16.     This Court may consider the pecuniary impact on Epic of the injunctive relief

requested in the Complaint in evaluating the amount in controversy for purposes of diversity

jurisdiction. *See Richard C. Young & Co. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004) ("Courts

have repeatedly held that the value of the matter in controversy is measured not by the monetary

judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those

involved in the litigation"); *Huston v. FLS Language Centres*, 18 F. Supp. 3d 17, 23 (D. Mass.

2014) (stating that the cost to defendant of conducting accounting requested in complaint "must

be included" in amount in controversy).

17.     In this case, the pecuniary burden to Epic includes the costs of complying with an

order requiring it to render all of the software applications used by employees of Massachusetts

health care facilities "independently accessible to blind persons," as well as the costs that would

result from the requested injunctive relief prohibiting Epic from selling or installing any of its

4

allegedly non-accessible software applications in Massachusetts. Combined, these costs certainly exceed $75,000. *See* Rana Decl., ¶ 5.

18.     Plaintiff also requests an award of its reasonable attorneys' fees pursuant to G.L. c. 151B, § 9. *See* Compl., Prayer for Relief, Para. (d), p. 6. Under this statute, a prevailing plaintiff is entitled to recover his or her reasonable attorneys' fees. *See* G.L. c. 151B, § 9 ("If the court finds for the petitioner it shall, in addition to any other relief and irrespective of the amount in controversy, award the petitioner reasonable attorney's fees and costs unless special circumstances would render such an award unjust.").

19.     Where, as here, attorney's fees are awardable by statute, a request for attorney's fees is included in the amount in controversy for purposes of diversity jurisdiction. *See Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001).

20.     This Court may take judicial notice of the fact that courts in Massachusetts and in this District routinely allow six-figure attorney fee awards to prevailing plaintiffs in discrimination cases. *See, e.g., Koster v. Trans World Airlines, Inc.*, 181 F.3d 24, 37 (1st Cir. 1999) (affirming district court's award of $155,807.50 to prevailing plaintiff in case brought under c. 151B nearly two decades ago); *E.E.O.C. v. AutoZone, Inc.*, 934 F. Supp. 2d 342, 359 (D. Mass. 2013) (in case under Title VII and c. 151B, awarding lead plaintiff's counsel attorney fees of $103,862.50); *Quarterman v. City of Springfield*, 74 N.E.3d 265, 275 (Mass. App. Ct. 2017), *review denied*, 88 N.E.3d 1168 (Mass. 2017), *cert. denied sub nom. City of Springfield, Mass. v. Quarterman*, 138 S. Ct. 506, 199 L. Ed. 2d 386 (2017) (affirming attorney's fees award of $169,002.41 after jury verdict of retaliation under G.L. c. 151B).

21.     Accordingly, based on Plaintiff's attorneys' fees alone, the amount in controversy exceeds $75,000.

22.     Epic disputes the merits of Plaintiff's claims.  Nonetheless, it is apparent from the

face of the Complaint, which seeks permanent injunctive relief that would result in costs

undoubtedly exceeding $75,000, and an award of attorney's fees under G.L. c. 151B, § 9, that

the amount in controversy in this matter is at least $75,000, exclusive of interests and costs.

23.     This Court therefore has original jurisdiction over Plaintiff's claim, and the action

is removable to this Court. *See* 28 U.S.C. §§ 1332(a); (c); 1441(a), (b).

### Venue And Notice

24.     Removal is appropriate "to the district court of the United States for the district

and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

Pursuant to 28 U.S.C. § 101, this Court embraces the Superior Court of Suffolk County in the

Commonwealth of Massachusetts.  Accordingly, this Court is the appropriate venue for removal

of this action.  *See* 28 U.S.C. § 1441(a).

25.     Prompt written notice of this Notice of Removal has been sent to Plaintiff through

its counsel, and to the Clerk of Court for the Superior Court of Suffolk County, Commonwealth

of Massachusetts, as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as

Exhibit 2.

### Conclusion

26.     Based on the foregoing, this Court has original jurisdiction over this action

pursuant to 28 U.S.C. §§ 1332; therefore, the Court properly may exercise jurisdiction over this

lawsuit. *See* 28 U.S.C. §§ 1441(a).

27.     Epic submits this Notice of Removal without waiving any defenses to the claims

asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can

6

52598272v.3

be granted, and without admitting that Plaintiff is entitled to any relief whatsoever (or that the

relief it seeks may properly be sought).

WHEREFORE, Defendant Epic Systems Corporation submits that this action is

removable based on diversity jurisdiction and respectfully requests that the state court action

titled *The National Federation of the Blind, Inc. v. Epic Systems Corporation*, Civ. A. No. 18-

3758B, pending in Suffolk County Superior Court in the Commonwealth of Massachusetts, be

removed to the United States District Court for the District of Massachusetts.


Respectfully submitted,

EPIC SYSTEMS CORPORATION,

By its Attorneys,


*/s/ Anthony S. Califano*
Anthony S. Califano (BBO #661136)
Michael E. Steinberg (BBO) #690997)
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Tel: (617) 946-4800
Fax: (617) 946-4801
acalifano@seyfarth.com
msteinberg@seyfarth.com


Minh N. Vu (*Pro Hace Vice* anticipated)
SEYFARTH SHAW LLP
975 F St., NW
Washington, D.C. 20004
Tel: (202) 463-2400
Fax: (202) 828-5393
mvu@seyfarth.com


Dated: December 21, 2018

52598272v.3

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2018, I filed this document through this Court's electronic filing system and served this document on Plaintiff through US mail at the following addresses:

Christine M. Netski
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac St., Suite 900
Boston, MA 02114-4737

Joseph B. Espo
Kevin D. Docherty
Brown Goldstein Levy LLP
120 East Baltimore Street, Suite 1700
Baltimore, MD 21202-6701

*/s/ Anthony S. Califano*
Anthony S. Califano

8

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE NATIONAL FEDERATION OF THE BLIND, INC., | CIVIL ACTION NO.: |
| Plaintiff, | |
| v. | REMOVED FROM THE SUPERIOR COURT OF SUFFOLK COUNTY, COMMONWEALTH OF MASSACHUSETTS |
| EPIC SYSTEMS CORPORATION, | C.A. No. 18-3758B |
| Defendant. | |

## DECLARATION OF SUMIT RANA

1.     I, Sumit Rana, am a senior vice president for Epic Systems Corporation ("Epic"). I make this declaration in support of Epic's Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Except as otherwise stated, I have personal knowledge of the contents of this declaration, and I can testify competently to them if called upon to do so.

2.     I am informed that Plaintiff in this lawsuit seeks, among other relief, a permanent injunction prohibiting Epic from selling, installing, or contracting to sell or install software to any employer in the Commonwealth of Massachusetts that is not independently accessible to blind persons.  I am also informed that Plaintiff seeks the entry of a permanent injunction requiring Epic to immediately undertake action to remediate any software used in Massachusetts so that it is independently accessible to blind persons.

3.     Epic develops and sells an integrated suite of software used by hospitals, medical groups, and healthcare organizations throughout the United States, including Massachusetts. Epic's software allows medical providers to manage patient care, maintain electronic medical

records, communicate with patients, and schedule medical appointments, among many other functions.

4.      Epic's software is currently used by more than 1,300 hospitals and clinics in Massachusetts for use by their employees.  Epic's software applications are often customized by our customers to meet their institutional and end-user needs. For example, Epic's software can be configured by our customers to provide for greater end-user accessibility. While much of Epic's software is compatible with screen reader technology – and Epic has taken and continues to take efforts to work with its customers to improve the accessibility of its software for blind and low vision users – its full suite of software is not fully "independently accessible to blind persons" as Epic understands that term to be used by the Plaintiff.

5.      To make all of Epic's software applications used by employees of Massachusetts health care facilities fully "independently accessible to blind persons" would require thousands of person-hours and certainly cost more than $75,000.  Moreover, an injunction prohibiting the installation of Epic's software applications and updates in Massachusetts could cause incalculable harm to Epic's customers and patients who rely on the software to, among other things, store and maintain critical medical records. The costs resulting from such an injunction would undoubtedly also exceed $75,000.

Pursuant to 28 USC § 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 20 day of December, 2018, at Verona, Wisconsin.


_____

Sumit Rana

2

52645664v.2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

THE NATIONAL FEDERATION OF THE
BLIND, INC.,

          Plaintiff,

    v.

EPIC SYSTEMS CORPORATION,

          Defendant.

CIVIL ACTION NO.: 18-12630

## CONSENT MOTION FOR EXTENSION OF TIME FOR RESPONDING TO COMPLAINT

    Defendant Epic Systems Corporation ("Epic") hereby moves, with consent from Plaintiff The National Federation of the Blind, Inc., through his counsel, for a 30-day extension of time to respond to the Complaint, through and including February 1, 2019.  As grounds for this motion, Defendant states:

    1.      On December 11, 2018, Plaintiff served Epic with the summons and complaint in the instant action, which was originally filed in the Superior Court of Suffolk County, Massachusetts, Civil Action No. 18-3758B (the "Action").

    2.      On this date, Defendant has filed its Notice of Removal and removed the Action to this Court.  Pursuant to Fed. R. Civ. P. 81, the current deadline for responding to the Complaint is January 2, 2018.

    3.      Due to the upcoming holidays and vacation schedules of counsel, counsel for Epic conferred with Plaintiff's counsel to request a 30-day extension of time for responding to the Complaint.  Plaintiff's counsel, Kevin Docherty, Esq., stated his consent to the requested

53447538v.1

extension.

4.      The extension will allow Epic sufficient time in which to review and respond to Plaintiff's Complaint.   The extension will not prejudice either party or unduly delay the proceedings.

Accordingly, Epic respectfully requests that the Court grant this consent motion for a 30-day extension of time to respond to the Complaint, through and including February 1, 2019.

Respectfully submitted,

EPIC SYSTEMS CORPORATION,

By its Attorneys,

/s/ Anthony S. Califano
Anthony S. Califano (BBO #661136)
Michael E. Steinberg (BB) #690997)
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Tel: (617) 946-4800
Fax: (617) 946-4801
acalifano@seyfarth.com
msteinberg@seyfarth.com

Minh N. Vu (*Pro Hace Vice* anticipated)
SEYFARTH SHAW LLP
975 F St., NW
Washington, D.C. 20004
Tel: (202) 463-2400
Fax: (202) 828-5393
mvu@seyfarth.com

Dated: December 21, 2018

2

53447538v.1

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2018, I filed this document through this Court's electronic filing system and served this document on Plaintiff through US mail at the following addresses:

Christine M. Netski
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac St., Suite 900
Boston, MA 02114-4737

Joseph B. Espo
Kevin D. Docherty
Brown Goldstein Levy LLP
120 East Baltimore Street, Suite 1700
Baltimore, MD 21202-6701

/s/Anthony S. Califano
Anthony S. Califano

## LOCAL RULE 7.1(A)(2) CERTIFICATE

I hereby certify that, pursuant to Local Rule 7.1(A)(2), this office conferred with Plaintiff's counsel regarding the extension of time requested in this motion, and Plaintiff's counsel gave his consent to the requested extension.

/s/ Anthony S. Califano

3

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

THE NATIONAL FEDERATION OF THE
BLIND, INC.,

        Plaintiff,

    v.

EPIC SYSTEMS CORPORATION,

        Defendant.

CIVIL ACTION NO.: 18-12630

## DEFENDANT EPIC SYSTEMS CORPORATION'S CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. Civ. P. 7.1, Defendant Epic Systems Corporation ("Epic") makes the

following disclosures:

    1.      Epic has no parent corporation.

    2.      No corporation owns 10% or more of Epic's stock.

*[Signatures on following page]*

53443703v.1

Respectfully submitted,

EPIC SYSTEMS CORPORATION,

By its Attorneys,


/s/ Anthony S. Califano
Anthony S. Califano (BBO #661136)
Michael E. Steinberg (BB) #690997)
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Tel: (617) 946-4800
Fax: (617) 946-4801
acalifano@seyfarth.com
msteinberg@seyfarth.com


Minh N. Vu (*Pro Hace Vice* anticipated)
SEYFARTH SHAW LLP
975 F St., NW
Washington, D.C. 20004
Tel: (202) 463-2400
Fax: (202) 828-5393
mvu@seyfarth.com

Dated: December 21, 2018

2

53443703v.1

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2018, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Anthony S. Califano
Anthony S. Califano

3

53443703v.1