UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-12630-RWZ

THE NATIONAL FEDERATION OF THE BLIND, INC.,

v.

EPIC SYSTEMS CORPORATION

MEMORANDUM OF DECISION & ORDER

January 31, 2020

ZOBEL, S.D.J.

Plaintiff The National Federation of the Blind, Inc. ("NFB") alleges that, by selling software that is inaccessible to blind users, Defendant Epic Systems Corporation ("Epic") interfered with its customers' blind employees' protected rights in violation of Mass. Gen. Laws ch. 151B, §4(4A). Epic moves to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Docket # 30.

I. Background[1]

NFB is a national non-profit organization dedicated to promoting the welfare of blind persons. Epic is a corporation that develops, sells and licenses health-care software to medical providers and health-care institutions, which is used by many hospitals and other health-care providers in Massachusetts.

---

[1] Consistent with Rule 12, the court adopts the well-pleaded facts from plaintiff's complaint.

1

According to NFB, "[w]hile Epic has taken steps to make patient-facing portions of its electronic health record software accessible so that blind patients are able to access their health information with screen reading software, Epic has not made the clinical or administration-facing portions of its software accessible to blind healthcare workers." Docket # 23 ¶ 9. NFB faults Epic for continuing to sell and license its software even though it knows it is not usable by blind workers.

NFB highlights the experience of one health-care worker, Manuel Morse, who is a blind Massachusetts resident and NFB member. Mr. Morse works for Brigham and Women's Hospital ("BWH") in Boston as a part-time hospital dispatcher. When BWH switched to Epic's medical record software in 2015, Mr. Morse was unable to access the system due to his disability. BWH placed him on a paid leave of absence while it worked to make the software system accessible to him and other blind employees. Mr. Morse sued BWH over this dispute, and the parties settled the lawsuit in early 2018 after BWH finally succeeded to fix the system. When BWH upgraded its Epic structure later in 2018, however, the same inaccessibility issue arose, and Mr. Morse was again placed on a paid leave of absence. Although BWH has since found a way to adjust the upgraded Epic software so that he has been able to return to work, it is still not fully accessible to blind users. As a result, Mr. Morse takes longer than his sighted coworkers to complete many tasks. And because the software will perennially require updating, Mr. Morse and other blind health-care workers stand to repeatedly confront inaccessibility.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Accordingly, a complaint must include more than a rote recital of the elements of a cause of action; it must include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Artuso v. Vertex Pharm., Inc., 637 F.3d 1, 5 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 570).

For purposes of a motion to dismiss, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. See Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 52-53 (1st Cir. 2013). However, the court does not accept as true allegations that, though "not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 557 n.5).

## III. Discussion

NFB contends that Epic's sale and licensing of software that is inaccessible to blind users violates section 4(4A) of the Massachusetts Fair Employment Practices Act (Mass. Gen. Laws. ch. 151B). This provision makes it unlawful "[f]or any person to coerce, intimidate, threaten, or interfere with another person in the exercise or enjoyment of any right granted or protected by this chapter." M.G.L. ch. 151B § 4(4A).

The same chapter makes it illegal for any employer to discriminate against an employee because of a handicap. Id. § 4(16).

If NFB's argument is taken to its logical conclusion, no company could sell any product to employers in the Commonwealth of Massachusetts that was not fully accessible to employee users with a range of disabilities. Such extreme business regulation is not borne out by the statute, which requires proof of two elements: "(1) a defendant utilized specific employment practices or selection criteria knowing that the practices or criteria were not reasonably related to job performance; and (2) a defendant knew that the practices or criteria had a significant disparate impact on a protected class or group." Lopez v. Commonwealth, 978 N.E.2d 67, 80 (Mass. 2012).

NFB fails on the first prong—Epic did not utilize any specific employment practice or selection criteria; it simply sold and licensed its software. And though the defendant "need not be an employer to be subject to an interference claim under § 4(4A)," the defendant must have acted intentionally by "knowingly interfer[ing] with the plaintiff's right to be free from discrimination." Id. at 77-80. Thus, courts have extended liability to non-employers who caused plaintiff's employer to "utilize[] specific employment practices or selection criteria" that had a disparate impact (see id. at 80-81 (state division of human resources, which administered problematic employment qualification exam, is liable to police officers employed directly by municipalities); McLaughlin v. City of Lowell, 992 N.E.2d 1036, 1057-58 (Mass. App. Ct. 2013) (City of Lowell not liable to Lowell Fire Department firefighter because it did not engage in any actionable

discriminatory conduct)); or where vicarious liability attaches (see <u>Thomas O'Connor Constructors, Inc. v. Mass. Comm'n Against Discrimination</u>, 893 N.E.2d 80, 86 (Mass. App. Ct. 2008) (general contractor liable to employee of subcontractor)). Epic's knowing sale of software that is inaccessible to blind users is not enough to trigger liability for its customers' treatment of their blind employees.

## IV. Conclusion

Epic's motion to dismiss (Docket # 30) is ALLOWED for failure to state a claim under M.G.L. ch. 151B, § 4(4A). There is no need to reach Epic's other arguments for dismissal. Judgment may be entered dismissing the complaint.


<u>January 31, 2020</u>            <u>/s/ Rya W. Zobel</u>
   DATE                           RYA W. ZOBEL
                                SENIOR UNITED STATES DISTRICT JUDGE